[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13368

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KENNETH SIZEMORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:21-cr-00035-TKW-MJF-2

_____

Before LAGOA, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Kenneth Sizemore appeals his 120-month total sentence for one count of conspiracy to possess with intent to distribute methamphetamine and oxycodone and one count of distribution of methamphetamine. Sizemore challenges his total sentence as substantively unreasonable because the district court gave excessive weight to the seriousness of the offense conduct, considered a codefendant's assumed Guidelines range, and denied his request for a further downward variance. After review, we affirm Sizemore's sentence.

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). A district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the [18 U.S.C. § 3553(a)[1]] factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

---

[1] The § 3553(a) factors include (1) the nature and circumstances of the offense conduct and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need of the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing

22-13368                Opinion of the Court                3

Sizemore has not met his burden to show his 120-month total sentence is substantively unreasonable. *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010) (explaining the party challenging the sentence bears the burden of proving that it is unreasonable based on the facts of the case and the § 3553(a) factors). The district court was within its discretion to weigh the seriousness of the offense conduct more heavily than his mitigating factors. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (stating a district court must consider all 18 U.S.C. § 3553(a) factors but is not required to give all factors equal weight and the decision about how much weight to assign a particular sentencing factor is committed to the sound discretion of the district court). The district court considered Sizemore's age, remorse, prior criminal history, and substantial assistance to the Government in granting him a sentence below the Guidelines range. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (stating we expect a sentence within a defendant's Guidelines range to be reasonable).

The district court stated it considered the § 3553(a) factors and proceeded to discuss the factors in relation to Sizemore. It described the harm of opioids and the large quantity of drugs distributed by Sizemore in analyzing the severity of the offense conduct. The district court was permitted to compare Sizemore and his Guidelines range to his codefendants, including Johnny Carr, given that the § 3553(a) factors include the need to prevent sentencing

---

Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

disparities.  *Rosales-Bruno*, 789 F.3d at 1254; 18 U.S.C. § 3553(a).  It used the Guidelines range of Carr as its "starting point" in calculating Sizemore's sentence to prevent sentencing disparities, but then clarified that it was doing so with respect to where Sizemore would have been, sentence-wise, except for the substantial assistance that Sizemore provided.

The district court did not abuse its discretion in weighing the aggravating and mitigating factors including the seriousness of the crimes and the Guidelines range of a similarly situated codefendant. Sizemore's total sentence was not substantively unreasonable. Thus, we affirm.

**AFFIRMED.**